# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MANETIRONY CLERVRAIN,**

    **Plaintiff,**

                              **Civil Action 2:20-cv-5706**
    **v.**                         **Chief Judge Algenon L. Marbley**
                              **Magistrate Judge Chelsey M. Vascura**

**DONALD WASHINGTON,**

    **Defendant.**

## REPORT AND RECOMMENDATION

    Plaintiff, Manetirony Clervrain, an inmate at Moore Detention Center is Okmulgee, Oklahoma, brings this action against Donald Washington.  Plaintiff did not prepay the $402 filing fee, but instead seeks leave to proceed *in forma pauperis*.  (ECF No. 1.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED** and that this action be **DISMISSED WITH PREJUDICE** or, alternatively, that Plaintiff be ordered to pay the full $402 fee ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days and that Plaintiff be advised that failure to timely pay the full $402 fee will result in the dismissal of his action.  *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

    Congress has restricted a prisoner's right to proceed *in forma pauperis*.  In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In July 2019, the United States Court of Appeals for the Fifth Circuit notified Plaintiff that he has more than three such dismissals, holding that "Clervrain is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Clervrain v. Coraway*, 786 F. App'x 1, 4 (5th Cir. 2019) (citing § 1915(g)).  Thus, it is clear that Plaintiff is a "three striker" under § 1915 such that he may not proceed in forma pauperis unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury."  "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint."  *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted).  Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

The undersigned is unable to discern any facts from Plaintiff's Complaint that establish that he meets the statutory exception set forth in § 1915(g).  Rather, his claims are unclear, and

2

his Complaint is nearly identical to complaints he has filed across the country that have been dismissed as frivolous.

Moreover, notwithstanding the Fifth Circuit's clear declaration that Plaintiff is a "three striker" under § 1915(g), he has continued to file actions seeking *in forma pauperis* status without disclosing that he is a three-striker. *See, e.g.*, *Clervrain v. Lawson*, No. 1:20-cr-1306, ECF No. 5 (S.D. Ind. May 6, 2020) (denying Clervrain's *in forma pauperis* motion and dismissing the action with prejudice because Clervrain failed to disclose he was a three-striker). Under similar circumstances, the United States Court of Appeals for the Seventh Circuit dismissed a three-striker's action with prejudice, reasoning as follows:

> He committed a fraud on the federal judiciary by seeking and obtaining permission to appeal *in forma pauperis* without revealing that he has already been held to be covered by § 1915(g). . . . Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

For these reasons it is **RECOMMENDED** that the Court:

1. **DENY** Plaintiff's *in forma pauperis* application and **DISMISS** this action **WITH PREJUDICE** in accordance with *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). *See, e.g.*, *Clervrain v. Lawson*, No. 1:20-cr-1306, ECF No. 5 (S.D. Ind. May 6, 2020) (denying Clervrain's *in forma pauperis* motion and dismissing the action with prejudice because Clervrain failed to disclose that he was a three-striker); and

2. **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

Alternatively, it is **RECOMMENDED** that Plaintiff be **ORDERED** to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court advise Plaintiff that his failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action, and also that the Court

**CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE