# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MANETIRONY CLERVRAIN,**

    **Plaintiff,**

v.                                          Civil Action 2:20-cv-5706
                                              Chief Judge Algenon L. Marbley
                                              Magistrate Judge Chelsey M. Vascura

**DONALD W. WASHINGTON,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's Orders of April 5 and April 7, 2021. (ECF Nos. 15–16.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Plaintiff commenced this action on October 28, 2020, by filing a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) On December 11, 2020, the undersigned issued a Report and Recommendation, recommending that the Court deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and dismiss this action with prejudice, or, alternatively, that Plaintiff be ordered to pay the full $402 fee required to commence this action, pursuant to 28 U.S.C. § 1915(g). (ECF No. 3.) On April 5, 2021, the Court adopted the Report and Recommendation, denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, and ordered Plaintiff to pay the full $402 fee required to commence this action "within 30 days, or no later than April 1, 2021." (ECF No. 15.) Plaintiff was further cautioned that "his failure to pay the full $402 fee

within 30 days will result in the dismissal of this action." (*Id.* at 1–2.) On April 7, 2021, the Court issued an Amended Opinion and Order, clarifying that Plaintiff's deadline to pay the filing fee was May 5, 2021. (ECF No. 16.) Plaintiff was cautioned again in the Amended Opinion and Order that "failure to pay the full $402 fee within 30 days will result in the dismissal of this action." (*Id.*)

To date, Plaintiff has failed to comply with the Court's Orders of April 5 and 7, 2021. He has neither paid the filing fee nor requested an extension of time to do so. Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Orders instructing him to pay the $402 filing fee. (*See* ECF Nos. 15–16.) Moreover, the Court explicitly cautioned Plaintiff that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). (*Id.*) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear orders of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

Finally, Plaintiff has filed a number of other miscellaneous motions. (ECF Nos. 2, 4–5, 12–13, 19.) Plaintiff's Motions (ECF Nos. 2, 4–5, 12–13, 19) are **DENIED** for lack of good cause shown.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE